UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DONTAE SLATER HARRIS,

        Petitioner,

 v.                               Case No. 15-C-182

MICHAEL HAUFIMANN,

        Respondent.

---

## SCREENING ORDER

---

On February 17, 2015, Dontae Harris filed this petition pursuant to 28 U.S.C. § 2241, asserting that his detention as a pretrial detainee was imposed in violation of the Constitution. He is currently incarcerated at Milwaukee County House of Correction.

I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases (which also apply to § 2241 cases), which reads:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time . . . .

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

Petitioner asserts that the criminal complaint against him is defective because the allegations of the victims did not match the facts. He also alleges he was misidentified as a robbery suspect,

wrongly singled out by police officers. Under the abstention doctrine of *Younger v. Harris,* 401 U.S. 37 (1971), a federal court should not interfere with pending state judicial proceedings. *See Gakuba v. O'Brien,* 711 F.3d 751 (7th Cir. 2013); *Brunken v. Lance,* 807 F.2d 1325, 1330 (7th Cir.1986). Federal courts must abstain from enjoining such proceedings when they are "(1) judicial in nature, (2) implicate important state interests, and (3) offer an adequate opportunity for review of constitutional claims, (4) so long as no extraordinary circumstances exist which would make abstention inappropriate." *Green v. Benden,* 281 F.3d 661, 666 (7th Cir. 2002).

Here, this court will abstain from interfering in the ongoing state proceedings. Petitioner is entitled to raise constitutional and factual issues in those proceedings, and on appeal as well, and he alleges no extraordinary circumstances.

THEREFORE, IT IS ORDERED that this petition is summarily **dismissed** pursuant to Rule 4 of the Rules Governing § 2254 Cases.

The certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v McDaniel*, 529 U.S. 473, 484 (internal quotation marks omitted) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).

Here, I do not believe reasonable jurists could debate whether relief is warranted here. A certificate of appealability is therefore **DENIED**.

The motion to proceed *in forma pauperis* is **GRANTED**, meaning the filing fee is waived.

**SO ORDERED** this 1st day of June, 2015.

       /s William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court